IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

|  |  |
|---|---|
| Calvin Jerome Byrd, # 257319;<br>Joseph Priester, # 255533<br>James Benson, # 290716;<br>Thomas Route, # 279238;<br>John R. Saylos, # 233607;<br>John H. Jones,  # 263771,<br><br>     Plaintiffs,<br><br>  vs.<br><br>Bryan Stirling, *SCDC Director*;<br>Neana Staley, *Warden @ Manning C.I;*<br>Mr. Maples, Food Service Supervisor<br>@ M.C.I.,<br><br>     Defendants. | Civil Action No. 6:15-3152-PMD-KFM<br><br><br><br>Civil Action No. 6:15-3152-PMD-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    On August 10, 2015, the Clerk's Office in Columbia received a "petition" signed by six inmates at the Manning Correctional Institution. In the "petition," which is actually a letter, the six inmates complained about the food served at the Manning Correctional Institution. The Clerk's Office docketed the "petition" (letter) as a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

    The question of whether multiple plaintiffs can proceed in a single case under the Prison Litigation Reform Act (PLRA) has required the attention of various federal courts. *See Burke v. Helman*, 208 F.R.D. 246 (C.D. Cal. 2002) (collecting cases). In *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

Each potential plaintiff's claims are unique to the particular plaintiff. Each potential plaintiff must comply with the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory); and *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions). Each potential plaintiff may have different amounts of damages (if any). Moreover, an individual prisoner cannot "represent" another prisoner. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *cf*. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

In an order filed in this case on August 13, 2015 (doc. 5), the undersigned apprised the six potential plaintiffs that each of them could prepare and submit his own civil rights case relating to prison food. *ee Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) (the PLRA requires that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," although the fee may be paid in installments); and *Hubbard v. Haley*, 262 F.3d at 1197–98 (multiple prisoners are not allowed to join together in a single lawsuit). On the same day, the Clerk's Office mailed to each of the six potential plaintiffs a set of civil rights forms and a copy of the order of August 13, 2015.

The "lead" plaintiff, Calvin Byrd, submitted his own case about prison food (Case No. 6:15-3471-PMD-KFM), which was dismissed *without prejudice* on October 6, 2015, for failure to exhaust prison remedies. Joseph Priester submitted his own case concerning prison food (Case No. 9:15-3473-TMC-BM), which was dismissed *without*

*prejudice* on October 9, 2015, for failure to prosecute. James Benson did not file his own case. Thomas Route did not file his own case. John Sayles filed his own case (Civil Action No. 2:15-3509-PMD-MGB), which was dismissed *without prejudice* on December 7, 2015, for failure to prosecute. John Jones filed his own case (Civil Action No. 1:15-3474-MGL-SVH), which was on September 30, 2015, dismissed *without prejudice* on the grounds that he had not presented a facially cognizable civil rights claim relating to food.

This court may take judicial notice of the cases filed by four of the six potential plaintiffs. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

All six potential plaintiffs in the above-captioned case were given the opportunity to file their own cases by the order issued on August 13, 2015. Four of the six potential plaintiffs did so. Those four cases have already been closed. Hence, the above-captioned case is not necessary for the six potential plaintiffs to present to the court matters pertaining to prison food. Hence, I recommend that the above-captioned case be dismissed *without prejudice*. The attention of the six potential plaintiffs is directed to the important notice on the next page.

December 15, 2015                         s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The six potential plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).