IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Jerome Byrd, #257319;<br>Joseph Priester, #255533;<br>James Benson, #290716;<br>Thomas Route, #279238;<br>John R. Saylos, #233607;<br>John H. Jones, #263771;<br><br>            Plaintiffs,<br><br>       vs.<br><br>Bryan Stirling, SCDC Director;<br>Neana Staly, Warden @ manning C.I.;<br>Mr. Maples, Food Service Supervisor @<br>M.C.I.,<br><br>            Defendants. | ) C.A. #6:15-3152-PMD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court upon the magistrate judge's recommendation that the case be dismissed without prejudice. Because plaintiffs are proceeding pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review all pretrial matters in such *pro se* cases, and submit findings and recommendations to this Court.

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed to the magistrate judge's report.  Moreover, the report and recommendation sent to plaintiffs Joseph Priester, John H. Jones, John R. Sayles, and James Benson were returned with "RELEASED; LEFT NO ADDRESS" marked on the envelope, and no change of address had been given as directed by the court.[3]

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law, therefore, the magistrate judge's report and recommendation is hereby adopted as the order of this Court.  For the reasons articulated by the magistrate judge, the case is **dismissed** without prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina

January 11, 2016

---

[2] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[3] The court issued an order on August 13, 2015 instructing plaintiffs to keep the Clerk of Court advised in writing of any change of address.

2